968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
COUNTY OF ORANGE; Thomas Riley; Roger Stanton; Gaddi
Vasquez; Don Roth; Cecil Hicks; Burl Estes,
Defendants-Appellees.
 No. 91-56067.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 15, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WAGNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 We are faced with a second appeal in this case, and find that we are without jurisdiction to hear it.
 
 
 4
 This case was begun when Lawrence S. Krain filed a pro se civil rights action against Orange County and a number of other defendants. Because of Krain's history of filing numerous lawsuits against state and federal officials, all perhaps based on apparently unfounded suspicions of prejudice, the magistrate sua sponte found that a substantial question existed regarding Krain's competency to proceed on his own behalf. Pursuant to Fed.R.Civ.P. 17(c), the magistrate ordered Krain to produce information needed for a competency determination. Krain failed to comply with that order, and the district court, upon the magistrate's recommendation, dismissed the action with prejudice.
 
 
 5
 Appellant has had other litigation in this court. In Krain v. Smallwood, 880 F.2d 1120, 1121 (9th Cir.1989), a consolidated appeal involving seven of Mr. Krain's lawsuits, the issue was whether a dismissal with prejudice was proper for failure to comply with a court order when a question about competency exists. We there held that "when a substantial question exists regarding the competence of an unrepresented party the court may not dismiss with prejudice for failure to comply with an order of the court." Id. We remanded with instructions for the lower court to do one of three things: proceed with a competency determination, dismiss without prejudice, or appoint a lawyer to represent Mr. Krain. The "preferred procedure," we noted, is for the district court to conduct a competency hearing, so that a representative may be appointed if needed. As an alternative, however, we found that a dismissal without prejudice may be appropriate if the party refuses to cooperate.
 
 
 6
 In Krain's first appeal in this case we applied Smallwood and remanded with Smallwood instructions. Krain v. County of Orange, No. 88-6486 (9th Cir. March 9, 1990). In accordance with our remand, the district court dismissed without prejudice, implicitly finding that Krain would not cooperate with a competency determination.[1] Krain has now appealed for a second time.
 
 
 7
 Smallwood recognized the policy in Fed.R.Civ.P. 17(c) that incompetent persons, or potentially incompetent persons, should be afforded protections not offered to other litigants. In pursuit of that policy, Smallwood suggested going forward with a competency hearing when substantial questions exist regarding a litigant's ability to proceed on his own behalf. If the litigant refuses to cooperate, however, a second best approach may be for the court to dismiss without prejudice. By so doing, the litigant will not be foreclosed from pursuing a meritorious claim in the future should his attitude change.
 
 
 8
 That is precisely the position we occupy in this case. The district court apparently has determined that appointing an attorney to represent Mr. Krain would not as yet serve the interests of justice. In such a situation, there is no appealable final order within the meaning of 11 U.S.C. § 1291. Cf. Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983) (finding that a dismissal for failure to state a claim, with leave to amend, is not an appealable final order). Until the district court resolves the competency issue, we are without jurisdiction to hear an appeal.
 
 
 9
 We are confident the district court will not use the device of dismissing without prejudice as a pretext to delay a final resolution indefinitely. We note that Mr. Krain has since expressed a willingness to go forward with a competency determination in his response to Orange County's motion to dismiss. If the willingness is genuine and Mr. Krain is able to cooperate, we trust the district court will dispose of this case in a proper manner.
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note initially that the parties proceeded on this appeal as if the district court dismissed with, instead of without, prejudice. The confusion arises from a clerical mistake in the district court's docket sheet which reflects an entry of dismissal with prejudice. The confusion was compounded because the record excerpts submitted by Mr. Krain contained an order dismissing without prejudice, but it did not appear to be signed by the district court. Based on the docket entry alone, a deputy clerk of this court, by written order, found: "Thus, it appears that this court does have jurisdiction." That ruling was premature. On review of the record below, we do find an official signed order dismissing without prejudice. The docket entry is, therefore, obviously a clerical mistake and we treat it as such